**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                (State)

Case number (*If known*): _____    Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Lordstown EV Sales LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    85-3699101

4. **Debtor's address**

   **Principal place of business**

   2300    Hallock Young Road
   Number    Street

   Lordstown    OH    44481
   City    State    ZIP Code

   USA
   County

   **Mailing address, if different from principal place of business**

   27000    Hills Tech Court
   Number    Street

   P.O. Box

   Farmington Hills    MI    48331
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City    State    ZIP Code

5. **Debtor's website** (URL)    https://www.lordstownmotors.com

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  Lordstown EV Sales LLC  Case number (*if known*)_____
           *Name*

6. **Type of debtor**
   - ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ❑ Partnership (excluding LLP)
   - ❑ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ❑ Railroad (as defined in 11 U.S.C. § 101(44))
   - ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ■ None of the above

   B. *Check all that apply:*
   - ❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes
   .   _3361__  ___  ___  ___

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ❑ Chapter 7
   - ❑ Chapter 9
   - ■ Chapter 11. *Check all that apply*:
     - ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❑ A plan is being filed with this petition.
     - ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ❑ Chapter 12

Debtor   __Lordstown EV Sales LLC_____   Case number (*if known*)_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ■ No
   ☐ Yes.   District _____   When _____   Case number _____
                                                MM / DD / YYYY
            District _____   When _____   Case number _____
                                                MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes.   Debtor   __See Schedule A_____   Relationship   __Affiliate_____
             District __Delaware_____   When           __Date hereof_____
                                                                            MM / DD / YYYY
             Case number, if known   _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number      Street
                              _____
                              _____   _____   _____
                              City                                          State   ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency   _____
           Contact name        _____
           Phone               _____

---

**Statistical and administrative information**

Debtor  **Lordstown EV Sales LLC**
_____
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors** * | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☒ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets*** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities*** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

*Represents consolidated financial information for the Debtor and its affiliated entities. This does not constitute a statement or admission as to the creditors, assets, or liabilities of any of the debtor entities individually.

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06 / 27 / 2023
MM / DD / YYYY

✗ /s/ Edward T. Hightower
_____
Signature of authorized representative of debtor

Edward T. Hightower
_____
Printed name

Title  Chief Executive Officer
_____

Debtor  Lordstown EV Sales LLC
        Name

Case number (if known) _____

**18. Signature of attorney**

✗ /s/ Kevin Gross

Signature of attorney for debtor

Date  06 / 27 / 2023
      MM / DD / YYYY

Kevin Gross
Printed name

Richards, Layton & Finger, P.A.
Firm name

920        N. King Street
Number     Street

Wilmington                                DE        19801
City                                      State    ZIP Code

(302) 651-7700                            gross@rlf.com
Contact phone                             Email address

209                                       Delaware
Bar number                                State

## Schedule A

### SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively the "**Debtors**") filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Contemporaneously with the filing of these petitions, the Debtors filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|    | **DEBTOR** | **EMPLOYER IDENTIFICATION NUMBER (EIN)** |
|----|------------|------------------------------------------|
| 1. | Lordstown Motors Corp. | 83-2533239 |
| 2. | Lordstown EV Corporation | 83-4612250 |
| 3. | Lordstown EV Sales LLC | 85-3699101 |

ACTION BY
OMNIBUS UNANIMOUS WRITTEN CONSENT
OF THE GOVERNING BODIES
OF
LORDSTOWN MOTORS CORP.,
LORDSTOWN EV CORPORATION, AND
LORDSTOWN EV SALES LLC
June 25, 2023

---

The undersigned, being all the members of the Board of Directors (the "**LMC Board**") of Lordstown Motors Corp., a Delaware corporation ("**LMC**"), all the members of the Board of Directors (the "**Lordstown EV Board**") of Lordstown EV Corporation, a Delaware corporation ("**Lordstown EV**") and the Sole Member ("**Sole Member**" and together with the LMC Board and the Lordstown EV Board, each a "**Governing Body**" and collectively, the "**Governing Bodies**") of Lordstown EV Sales LLC, a Delaware limited liability company ("**Lordstown Sales**" and together with LMC and Lordstown EV, each a "**Company**" and collectively, the "**Companies**"), acting in accordance with the Delaware General Corporation Law (the "**DGCL**"), the Delaware Limited Liability Act (the "**DLLCA**"), the Second Amended and Restated Certificate of Incorporation of LMC, the Amended and Restated Certificate of Incorporation of Lordstown EV, the Certificate of Formation of Lordstown Sales, the Amended and Restated Bylaws of LMC, Bylaws of Lordstown EV and Limited Liability Company Agreement of Lordstown Sales (collectively, the "**Company Governance Documents**"), hereby consent in writing to approve the adoption of the following resolutions, effective as of the date set forth above, which shall have the same force and effect as if adopted at a duly noticed and validly held meeting of each Governing Body.

**WHEREAS**, each Governing Body has been presented with proposed voluntary petitions (each, a "**Petition**") to be filed by the Companies in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), pursuant to which each of the Companies will operate as a debtor-in-possession (the "**Chapter 11 Cases**");

**WHEREAS**, each Governing Body has consulted with and been advised by the management of the Companies and the Companies' financial and legal advisors (the "**Advisors**") as to the strategic restructuring options available to each Company;

**WHEREAS**, each Governing Body has been presented with the bidding procedures (the "**Bidding Procedures**") in connection with the proposed auction, sale or disposition of substantially all, or a portion of the assets of the Companies and determined that filing a motion seeking the entry of an order of the Bankruptcy Court approving the Bidding Procedures substantially in the form

presented to each Governing Body is desirable and in the best interests of the respective Company; and

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management of the Companies and the Advisors, and has adequate opportunity to consult such persons regarding the materials presented and to consider each of the strategic alternatives available to the Companies.

**NOW THEREFORE**, be it resolved as follows:

WAIVER OF NOTICE

**RESOLVED**, that any and all notice required to be delivered to the undersigned pursuant to the DGCL, DLLCA or any Company Governance Documents be, and it hereby is waived by the undersigned; and it is further

FILING OF CHAPTER 11 CASES

**RESOLVED**, that each Company be, and each hereby is, authorized and directed to file a Petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Companies' Executive Chairman, Chief Executive Officer, Chief Financial Officer and General Counsel (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each hereby is, authorized and directed, on behalf of and in the name of LMC, Lordstown EV and Lordstown Sales, respectively, to execute and verify each Petition in the name of LMC, Lordstown EV and Lordstown Sales, respectively, under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing such Petition on behalf of each Company shall determine; and it is further

**RESOLVED**, that each Company is authorized, and each Authorized Officer be, and each hereby is, authorized and directed, on behalf of and in the name of each Company, to file a motion seeking, among other things, the entry of an order of the Bankruptcy Court approving the Bidding Procedures substantially in the forms presented to each Governing Body; and it is further

RETENTION OF PROFESSIONALS

**RESOLVED**, that each Company is authorized, and each Authorized Officer be, and each hereby is, authorized and directed, on behalf of and in the name of each Company, to retain and employ professionals to render services to the Companies in connection with the Chapter 11 Cases and the transactions contemplated by the foregoing resolutions, and that such professionals shall include, without limitation: the law firm White & Case LLP to act as restructuring counsel; Richards, Layton & Finger, P.A. to act as local restructuring counsel; Jefferies LLC to act as investment banker; Silverman Consulting to act as financial advisor; and Kurtzman Carson Consultants LLC to act as claims and noticing agent and administrative advisor; and in connection herewith, each Authorized Officer is hereby authorized and directed to execute retention agreements on such terms and conditions as determined by such Authorized Officers, or any of them, to be necessary, appropriate or advisable, pay retainers in accordance with such retention agreements, and to cause

to be filed with the Bankruptcy Court applications for authority to retain the services of the foregoing; and it is further

**RESOLVED**, that each Company is authorized, and each Authorized Officer be, and each hereby is, authorized and directed, in the name and on behalf of each Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

FURTHER AUTHORIZATIONS REGARDING THE CHAPTER 11 CASES

**RESOLVED**, that each Company is authorized, and each Authorized Officer acting in consultation with the Advisors, be, and each hereby is, authorized and empowered, on behalf of and in the name of LMC, Lordstown EV and Lordstown Sales, respectively, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, agreements, pleadings and other papers, and subject to the Companies' contracts, agreements, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and, in connection with the foregoing, to employ and retain all assistance by legal counsel and to take such other action in furtherance of these resolutions which the Authorized Officers, or any of them, deem necessary, appropriate or advisable in connection with the Chapter 11 Cases, including acting in consultation with the Advisors to take any and all action necessary, appropriate or advisable in connection with the prosecution of the Chapter 11 Cases contemplated by the foregoing resolutions and the successful consummation of the Chapter 11 Cases; and it is further

**RESOLVED**, that each Authorized Officer, acting in consultation with the Advisors, be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Officer may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as LMC's, Lordstown EV's and Lordstown Sales' respective true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

**RESOLVED**, that each Authorized Officer, acting in consultation with the Advisors, be, and each hereby is, authorized and empowered to act without the joinder of any other Authorized Officer in connection with the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer in accordance with the foregoing resolutions to seek relief on behalf of LMC, Lordstown EV or Lordstown Sales under chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of LMC, Lordstown EV or Lordstown Sales, respectively, in all respects by its Governing Body; and it is further

GENERAL AUTHORIZATIONS

**RESOLVED**, that the directors and officers of the Companies, including the Authorized Officers (each, an "**Authorized Person**") acting in consultation with the Advisors, be, and each hereby is, authorized and empowered, in the name and on behalf of LMC, Lordstown EV and Lordstown Sales, respectively, in accordance with these resolutions, to do and perform, or cause or authorize to be done and performed, any and all such other acts, deeds and things and to make, execute and deliver, or cause to be made, executed and delivered, in the name and on behalf of LMC, Lordstown EV and Lordstown Sales, respectively, and under the seal of LMC, Lordstown EV and Lordstown Sales, respectively, if requested or as may be necessary or appropriate, any and all such agreements, undertakings, documents, consents, filings or instruments, with such terms and provisions as any such Authorized Person may approve, as such Authorized Person may deem necessary or appropriate to effect the transactions contemplated by the foregoing resolutions, to fulfill LMC's, Lordstown EV's and Lordstown Sales' obligations thereunder, or to carry out the purpose and intent of any and all of the foregoing resolutions, the execution, delivery or performance thereof, or the taking of any such action to be conclusive evidence of such approval and authority; and it is further

**RESOLVED**, that each Authorized Person, acting in consultation with the Advisors, be, and each hereby is, authorized and empowered to act without the joinder of any other Authorized Person in connection with the foregoing resolutions; and it is further

**RESOLVED**, that all actions heretofore taken by any Authorized Person in connection with the subject matter of any and all of the foregoing resolutions be, and each hereby is, approved, ratified and confirmed in all respects as the act and deed of LMC, Lordstown EV and Lordstown Sales, respectively, having the same force as if performed pursuant to the direct authorization of its Governing Body; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

**RESOLVED**, that the authority conferred upon any Authorized Person by these resolutions is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Unanimous Written Consent as of the date first written above.

**BOARD OF LORDSTOWN MOTORS CORP.**

_/s/ Daniel Ninivaggi_
Daniel A. Ninivaggi, Executive Chairman

_/s/ David Hamamoto_
David T. Hamamoto

_/s/ Keith Feldman_
Keith Feldman

_/s/ Jane Reiss_
Jane Reiss

_/s/ Dale Spencer_
Dale Spencer

_/s/ Angela Strand_
Angela Strand

_/s/ Joseph Anderson_
Joseph B. Anderson, Jr.

_/s/ Laura Soave_
Laura J. Soave

_/s/ Edward T. Hightower_
Edward T. Hightower

**BOARD OF LORDSTOWN EV CORPORATION**

_Daniel Ninivaggi_
Daniel A. Ninivaggi, Executive Chairman

_David Hamamoto_
David T. Hamamoto

_[signature]_
Keith Feldman

_Jane Reiss_
Jane Reiss

_Dale Spencer_
Dale Spencer

_Angela Strand_
Angela Strand

_Joseph Anderson_
Joseph B. Anderson, Jr.

_Laura Soave_
Laura J. Soave

_Edward T. Hightower_
Edward T. Hightower

**SOLE MEMBER OF LORDSTOWN EV SALES LLC**

LORDSTOWN EV CORPORATION

By: *Edward T. Hightower*
Name: Edward T. Hightower
Title: Chief Executive Officer & President

**Fill in this information to identify the case:**

Debtor name: Lordstown Motors Corp., *et al*.,

United States Bankruptcy Court for the District of Delaware

Case number (If known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TEIJIN AUTOMOTIVE TECHNOLOGIES, INC<br>JOHN RUTERBUSCH<br>255 REX BLVD<br>AUBURN HILLS, MI 48326 | JOHN RUTERBUSCH<br>PHONE: (989) 714-0101<br>EMAIL: JOHN.RUTERBUSCH@CSPPLASTICS.COM | TRADE PAYABLE | DISPUTED | | | $ 2,083,980.20 |
| 2 | ZF PASSIVE SAFETY SYSTEMS US INC.<br>MIKE GODLEWSKI<br>4505 W 26 MILE RD<br>WASHINGTON, MI 48094 | MIKE GODLEWSKI<br>FAX: (586) 232-8356<br>EMAIL: SSC-SB9-AR.SSC-SB9-AR@ZF.COM;<br>MSSC-OR9-AR.MSSC-OR9-AR@ZF.COM | TRADE PAYABLE | DISPUTED | | | $ 1,981,531.56 |
| 3 | MARELLI NORTH AMERICA INC<br>JUNKO SMITH<br>DBA CALSONICKANSEL NORTH AMERICA INC<br>1 CALSONIC WAY<br>SHELBYVILLE, TN 37160 | JUNKO SMITH<br>PHONE: (931) 680-6753<br>EMAIL: ROSA.CARDONA@MARELLI.COM | TRADE PAYABLE | DISPUTED | | | $ 1,614,252.02 |
| 4 | GREATECH INTEGRATION (M) SDN. BHD.<br>HA LAI<br>PLOT 287 (A), LENGKOK KAMPUNG JAWA SATU<br>BAYAN LEPAS FIZ PHASE 3<br>11900 PENANG,<br>MALAYSIA | HA LAI<br>PHONE: (604) 646-3260<br>FAX: 60 604 646 3261<br>EMAIL: HALAI@GREATECH-GROUP.COM | TRADE PAYABLE | DISPUTED | | | $ 1,532,600.00 |
| 5 | BARRY L. LEONARD AND COMPANY INC.<br>BARRY LEONARD<br>DBA TRANS MACHINE TECHNOLOGIES<br>920 BRENNER ST<br>WINSTON-SALEM, NC 27101 | BARRY LEONARD<br>PHONE: (336) 971-9758<br>EMAIL: BARRY@TRANS-MACHINE.COM | TRADE PAYABLE | DISPUTED | | | $ 1,361,252.80 |
| 6 | JVIS USA LLC<br>AMANDA CAMPANA - REMITTANCE<br>PO BOX 530<br>MT CLEMENS, MI 48046 | AMANDA CAMPANA - REMITTANCE<br>PHONE: (586) 506-2034<br>FAX: (586) 884-5725<br>EMAIL: CAMPANA@JVIS.US | TRADE PAYABLE | DISPUTED | | | $ 1,237,946.91 |
| 7 | THREE-DIMENSIONAL SERVICES<br>GARRY KASACZUN<br>DBA 3 DIMENSIONAL SERVICES GROUP<br>2547 PRODUCT DR<br>ROCHESTER HILLS, MI 48309 | GARRY KASACZUN<br>PHONE: (586) 484-7117<br>FAX: (248) 852-2110<br>EMAIL: GARRYK@3DIMENSIONAL.COM | TRADE PAYABLE | DISPUTED | | | $ 1,208,981.83 |
| 8 | PEKTRON EV LIMITED<br>ALFRETON ROAD<br>DERBY, DE21 4AP<br>UNITED KINGDOM | PHONE: (248) 565-7242<br>FAX: 44 -0-1332 835706<br>EMAIL: AFIELD@PEKTRON.COM | TRADE PAYABLE | DISPUTED | | | $ 1,038,549.92 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | SUPERIOR CAM INC<br>JOHN BASSO<br>31240 STEPHENSON HWY<br>MADISON HEIGHTS, MI 48071 | JOHN BASSO<br>PHONE: (248) 588-1100<br>FAX: (248) 588-1104<br>EMAIL: JBASSO@DIVERSIFIEDTOOLINGGROUP.COM;<br>AR@SUPERIORCAM.COM | TRADE PAYABLE | DISPUTED | | | $ 851,488.41 |
| 10 | BOSSARD INC.<br>JON DABNEY<br>6521 PRODUCTION DR<br>CEDAR FALLS, IA 50613 | JON DABNEY<br>PHONE: (319) 859-3663<br>FAX: (319) 277-2964<br>EMAIL: JDABNEY@BOSSARD.COM | TRADE PAYABLE | DISPUTED | | | $ 659,217.00 |
| 11 | NEXTEER AUTOMOTIVE CORPORATION<br>BRYAN HARRIS<br>3900 E HOLLAND RD<br>SAGINAW, MI 48601 | BRYAN HARRIS<br>PHONE: (810) 893-4584<br>FAX: (989) 757-4022<br>EMAIL: BRYAN.HARRIS@NEXTEER.COM | TRADE PAYABLE | DISPUTED | | | $ 568,511.35 |
| 12 | HARCO MANUFACTURING GROUP, LLC<br>MATTHEW KNEPP<br>3535 KETTERING BLVD<br>MORAINE, OH 45439 | MATTHEW KNEPP<br>PHONE: (330) 219-8246<br>EMAIL: MKNEPP@HARCOONLINE.COM | TRADE PAYABLE | DISPUTED | | | $ 491,209.87 |
| 13 | AMPHENOL INTERCONNECT PRODUCTS CORP<br>SOPHIA<br>20 VALLEY ST<br>ENDICOTT, NY 13760 | SOPHIA<br>PHONE: (607) 754-4444<br>EMAIL: LIJUAN.YI@AMPHENOL-IPC.COM;<br>FANNY.NING@AMPHENOL-IPC.COM | TRADE PAYABLE | DISPUTED | | | $ 442,839.92 |
| 14 | VIA OPTRONICS LLC<br>BRETT GAINES<br>6220 HAZELTINE NATIONAL DR STE 120<br>ORLANDO, FL 32822 | BRETT GAINES<br>PHONE: (408) 483-6226<br>FAX: (407) 745-5037<br>EMAIL: BGAINES@VIA-OPTRONICS.COM;<br>US-VIALLC-CUSTOMERS@VIA-OPTRONICS.COM | TRADE PAYABLE | DISPUTED | | | $ 434,781.00 |
| 15 | ELAPHE PROPULSION TECHNOLOGIES LTD<br>LUKA AMBROZIC<br>TESLOVA ULICA 30 1000<br>LJUBLJANA,<br>SLOVENIA | LUKA AMBROZIC<br>PHONE: 386-41-943-173<br>EMAIL: GREGOR.GOLJA@ELAPHE-EV.COM | TRADE PAYABLE | DISPUTED | | | $ 424,444.88 |
| 16 | COGNIZANT MOBILITY, INC<br>ANEIL SHAH<br>1391 WHEATON STE 700<br>TROY, MI 48083 | ANEIL SHAH<br>PHONE: (734) 355-5141<br>EMAIL: ANEIL.SHAH@COGNIZANT.COM | TRADE PAYABLE | DISPUTED | | | $ 423,337.94 |
| 17 | SA AUTOMOTIVE LTD<br>SHAR HEDAYAT<br>1307 HIGHVIEW DR<br>WEBBERVILLE, MI 48892 | SHAR HEDAYAT<br>PHONE: (517)-521-4205<br>FAX: (517) 521-4520<br>EMAIL: SHAR.HEDAYAT@SAAUTOMOTIVE.COM | TRADE PAYABLE | DISPUTED | | | $ 380,030.74 |
| 18 | VENTRA GROUP CO.<br>LAURA CORREA<br>DBA FLEX-N-GATE BRADFORD<br>1 RIVERSIDE DRIVE WEST STE 700<br>WINDSOR, ON N9A-5K3<br>CANADA | LAURA CORREA<br>PHONE: (586) 519-2095<br>EMAIL: LCORREA@FLENXGATE-MI.COM | TRADE PAYABLE | DISPUTED | | | $ 328,875.21 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | SHARP DIMENSION INC<br>TRACY TRAN<br>4240 BUSINESS CENTER DR<br>FREMONT, CA 94538 | TRACY TRAN<br>PHONE: (510) 656-8938<br>FAX: (510) 656-8940<br>EMAIL: TRACY@SHARPDIMENSION.COM | TRADE PAYABLE | DISPUTED | | | $ 323,060.00 |
| 20 | THE TIMKEN CORPORATION<br>CHARLES WOJDYLA<br>4500 MOUNT PLEASANT STREET NW<br>NORTH CANTON, OH 44720 | CHARLES WOJDYLA<br>FAX: (234) 262-6628<br>EMAIL: CHARLES.WOJDYLA@TIMKEN.COM;<br>ACCTSREC@TIMKEN.COM | TRADE PAYABLE | DISPUTED | | | $ 316,514.00 |
| 21 | PROPER GROUP HOLDINGS LLC<br>ALEX WILLIAMS<br>DBA PROPER TOOLING LLC<br>13870 E ELEVEN MILE RD<br>WARREN, MI 48089 | ALEX WILLIAMS<br>PHONE: (248) 767-2991<br>EMAIL:<br>AWILLIAMS@PCAMCO.COM;AR@PROPER.NET | TRADE PAYABLE | DISPUTED | | | $ 300,464.49 |
| 22 | ST. CLAIR TECHNOLOGIES INC<br>827 DUFFERIN AVE<br>WALLACEBURG, ON N8A 2V5<br>CANADA | PHONE: (586) 215-7008<br>EMAIL: TARMSTRONG@STCLAIRTECH.COM | TRADE PAYABLE | DISPUTED | | | $ 267,321.00 |
| 23 | FIBERDYNE RESEARCH PTY LTD<br>JULIAN MERRIT<br>14 CARMEL AVE<br>FERNTREE GULLY, VIC 3156<br>AUSTRALIA | JULIAN MERRIT<br>PHONE: 61 3 9465 5997<br>EMAIL: JULIAN.MERRITT@FIVERDYNE.COM.AU | TRADE PAYABLE | DISPUTED | | | $ 250,128.00 |
| 24 | QUALITY METALCRAFT INC.<br>BRIAN PAPKE<br>28101 SCHOOLCRAFT RD<br>LIVONIA, MI 48150 | BRIAN PAPKE<br>PHONE: (248) 261-6700<br>EMAIL: BRIAN.PAPKE@QMC-EMI.COM;<br>ACCOUNTS.RECEIVABLE.EMI@QMC-EMI.COM | TRADE PAYABLE | DISPUTED | | | $ 209,017.92 |
| 25 | LAVAL TOOL & MOULD LTD.<br>DAVID WIGHTMAN<br>4965 8TH CONCESSION RD<br>MAIDSTONE, ON N0R 1K0<br>CANADA | DAVID WIGHTMAN<br>PHONE: (519) 737-1323<br>FAX: (519) 737-1747<br>EMAIL: DWIGHTMAN@LAVALTOOL.NET | TRADE PAYABLE | DISPUTED | | | $ 189,977.91 |
| 26 | THYSSENKRUPP MATERIALS NA, INC.<br>ALLYSON FRIDLEY<br>DBA KEN-MAC METALS OR THYSSENKRUPP STEEL SERVICES<br>22355 W ELEVEN MILE RD<br>SOUTHFIELD, MI 48033 | ALLYSON FRIDLEY<br>PHONE: (440) 821-9801<br>FAX: (248) 233-5699<br>EMAIL: ALLYSON.FRIDLEY@THYSSENKRUPP-MATERIALS.COM | TRADE PAYABLE | DISPUTED | | | $ 184,156.67 |
| 27 | FOXCONN EV SYSTEM LLC<br>MATT AUFFENORDE<br>2300 HALLOCK YOUNG RD<br>WARREN, OH 44481 | MATT AUFFENORDE<br>PHONE: (248) 466-6647<br>EMAIL: MATTHEW.AUFFENORDE@FEVSYS.COM;<br>SCOT.MCMILLIN@FEVSYS.COM | TRADE PAYABLE | DISPUTED | | | $ 161,001.95 |
| 28 | HRB INDUSTRIES CORP<br>KEVIN YAO<br>3485 SWENSON AVE<br>SAINT CHARLES, IL 60174 | KEVIN YAO<br>PHONE: (630) 513-0700<br>EMAIL: KEVIN.YAO@HRBINDUSTRIES.COM;<br>SHERWIN.ZHANG@HRBINDUSTRIES.COM | TRADE PAYABLE | DISPUTED | | | $ 153,204.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | CEVA CONTRACT LOGISTICS US INC<br>JIM ZOLTOWSKI<br>15350 VICKERY DR<br>HOUSTON, TX 77032 | JIM ZOLTOWSKI<br>PHONE: 734-502-5278<br>EMAIL: AR@CEVALOGISTICS.COM | TRADE PAYABLE | DISPUTED | | | $ 145,881.62 |
| 30 | TECHNOLOGY SOLUTIONS ANYWHERE LLC<br>SAGAR MARAMREDDY<br>DBA READYSOFT<br>5966 LOVEWOOD CT<br>CANTON, MI 48187 | SAGAR MARAMREDDY<br>PHONE: (734) 502-7555<br>EMAIL: SAGARM@READYSOFTIND.COM | TRADE PAYABLE | DISPUTED | | | $ 129,905.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-[____] ( )<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1) 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Lordstown Motors Corp. ("**Lordstown**") and its affiliated debtors, who are each debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), hereby state that as of June 27, 2023:

1. There are no persons or entities that directly or indirectly own ten percent (10%) or more of Lordstown's common stock.

2. The following persons or entities own more than 5% or more of Lordstown's common stock:[2]

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] This list reflects holders of five percent or more of Lordstown's common stock. It is based on information obtained from the Debtors' public filings, including the Form 10-K for the fiscal year that ended December 31, 2022. By separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007(a)(3) to file a list of all of its equity security holders.

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

| Name | Address | Shares (Percent) |
|---|---|---|
| Foxconn[3] | No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, 23680, Taiwan | 1,344,361[4] (8.4%) |

3. Lordstown Motors Corp. owns one hundred percent (100%) of the equity interests of Lordstown EV Corporation.

4. Lordstown EV Corporation owns one hundred percent (100%) of the equity interests of Lordstown EV Sales LLC.

---

[3] Foxconn Ventures Pte. Ltd. owns 300,000 shares of Lordstown Motor Corp.'s preferred equity shares. The preferred shares may be converted into Class A common stock at a later date if certain conditions precedent are met.

[4] Represents shares held by the following entities associated with Foxconn: Hon Hai Precision Industry Co., Ltd., Foxconn Ventures Pte. Ltd., Foxconn (Far East) Limited, Foxconn EV Technology, Inc., Foxteq Holdings Inc., Foxteq Integration Inc., and PCE Paragon Solutions Kft.

2

**Fill in this information to identify the case and this filing:**

Debtor Name: Lordstown EV Sales LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/27/2023
MM / DD / YYYY

✗ /s/ Adam Kroll
Signature of individual signing on behalf of debtor

Adam Kroll
Printed name

Executive VP and Chief Financial Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**